# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| JUDD MCMANUS, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-1969 |
|  | ) (Filed: December 4, 2023) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Judd McManus, pro se, Alexandria, VA.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

    Pro se plaintiff, Judd McManus, is a former employee of the Department of Homeland Security ("DHS"). Mr. McManus filed this complaint to challenge what he believes were abuses of authority and violations of law DHS allegedly committed when it sought to implement the mandate in Executive Order ("E.O.") 14043 that federal civilian employees be vaccinated against COVID-19. See Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, 86 Fed. Reg. 50989 (Sept. 9, 2021).

    In particular, Mr. McManus complains that after the Executive Order was issued, DHS "set in motion a reality which resulted in an absolutely horrible, discriminatory, and hostile work environment" by employing a "count-down clock" and other methods to remind employees of the deadline by which they were required to receive the vaccine. See Compl. at 2–5, Docket No. 1. He further alleges that after a district court enjoined the vaccine mandate in January 2022, see Feds for Med. Freedom v. Biden, 581 F. Supp. 3d 826 (S.D. Tex. 2022), DHS implemented what he characterizes as an "absolutely atrocious, invasive and terrifying 'COVID Testing Kit scheme,'" see Compl. at 2.[1] In addition, he claims that he was arbitrarily denied the option of

---

[1] In April 2022, a few months after the district court enjoined the implementation of the EO, a Fifth Circuit panel vacated the district court's injunction on jurisdictional grounds. Feds for Med. Freedom v. Biden, 30 F.4th 503 (5th Cir. 2022). The Fifth Circuit granted rehearing en banc. Feds for Med. Freedom v. Biden, 37 F.4th 1093 (5th Cir. 2022). The en banc court reversed the panel decision and affirmed the district court's decision enjoining the vaccine mandate in March 2023. Feds for Med. Freedom v. Biden, 63 F.4th 366 (5th Cir. 2023). A few months later,

working remotely, that DHS demeaned him by making false statements characterizing his job as involving "just forwarding emails," and that it aggressively promoted the merits of the vaccine to its workforce in manner reminiscent of tobacco companies that marketed cigarettes, notwithstanding health risks. See id. at 2, 4. As a result of these actions, Mr. McManus alleges, he suffered a number of injuries, including emotional distress, mental anguish, lost wages, lost time, impairment of his physical health, and loss of liberty. See id. at 44–55.

Mr. McManus claims that the DHS actions about which he complains constituted a breach of contract; negligence; discrimination; intentional infliction of emotional distress; negligent infliction of emotional distress; defamation; trespass; and false imprisonment. See Compl. at 43–55 (Counts I–VIII). He also alleges that DHS violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. See, e.g., id. at 44. He seeks $17,651,901 in damages as compensation for these alleged violations. See id. at 55.

RCFC 12(h)(3) provides that the Court must dismiss an action if at any time it determines that it lacks subject matter jurisdiction. For the reasons set forth below, this Court lacks subject-matter jurisdiction over the claims in Mr. McManus's complaint concerning the implementation of E.O. 14043. The complaint, accordingly, is **DISMISSED without prejudice**.

## DISCUSSION

The United States Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). While this provision serves as a waiver of sovereign immunity and a jurisdictional grant, it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Thus, for this Court to have jurisdiction, a plaintiff must establish that "a separate source of substantive law . . . creates the right to money damages" from the United States. Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

### I.     Constitutional Claims

Within each of the eight enumerated counts in his complaint, Mr. McManus alleges that the DHS reminders regarding the vaccination mandate, as well as other actions that DHS took, ostensibly to prevent the workplace spread of COVID-19, violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. See Compl. at 43–55 (alleging a "deprivation of freedom of religion," "unreasonable search and seizure," "deprivation of liberty without due process," "cruel and unusual punishment," and "unequal treatment, deprivation / violation of equal protections"). None of these constitutional provisions, however, is money-mandating. United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding First Amendment claims outside of this Court's jurisdiction because "the [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money"); Brown v. United

---

President Biden revoked E.O. 14043. See Moving Beyond COVID-19 Vaccination Requirements for Federal Workers, 88 Fed. Reg. 30891 (May 15, 2023).

States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fifth Amendment's Due Process Clause and Fourteenth Amendment's Equal Protection Clause are outside of this Court's jurisdiction "because they do not mandate payment of money by the government"); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'"). Therefore, the Court lacks jurisdiction over Mr. McManus's constitutional claims.

## II.     Tort Claims

Six of Mr. McManus's eight enumerated claims (negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, trespass, and false imprisonment) sound in tort. See Compl. at 45–46, 48–55 (Counts II, IV–VIII). "[B]y the plain language of the Tucker Act, the Court of Federal Claims does not have jurisdiction over torts." Rojas-Vega v. United States, 782 Fed. App'x 994, 996 (Fed. Cir. 2019). To the contrary, 28 U.S.C. 1491(a) expressly excludes "cases . . . sounding in tort" from this Court's jurisdiction.

## II.     Discrimination

Mr. McManus's complaint also alleges discrimination based on religion. See Compl. at 46–48 (alleging that DHS discriminated against Mr. McManus based on his religious beliefs and vaccination status). To the extent that Mr. McManus alleges a violation of the prohibition against religious discrimination contained in Title VII of the Civil Rights Act of 1964, that Act "vests jurisdiction over discrimination claims exclusively in the district court." Taylor v. United States, 310 Fed. App'x 390, 393 (Fed. Cir. 2009); see also Haque v. Unknown Party, Named As Secretary of Governments, 636 Fed. App'x 1003, 1004–05 (Fed. Cir. 2016) (affirming dismissal of Title VII discrimination claim for lack of subject-matter jurisdiction). This Court therefore lacks jurisdiction over Mr. McManus's discrimination claims.

## IV.     Breach of Contract

Count One of the complaint is entitled "breach of contract." It includes a passing reference to an "express[] and implied employment/retirement contract." See Compl. at 44. The complaint also asserts that Mr. McManus is "entitled to damages against the defendant for breach of contract." Id. at 45.

There are no allegations in Count One or any other portion of the complaint, however, that provide any details about the terms of the alleged contract between Mr. McManus and DHS or the circumstances under which the contract was formed. A plaintiff's mere assertion that there was a "breach of contract"—without more—does not provide the Court with a basis for asserting jurisdiction under the Tucker Act. Moreover, as a federal employee, Mr. McManus "derive[s] the benefits and emoluments of [his] position[] from appointment rather than from any contractual or quasi-contractual relationship with the government." Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985); accord Doe v. United States, 513 F.3d 1348, 1355 (Fed. Cir. 2008). The terms of his employment "are governed exclusively by statute, not contract." Adams v. United States,

3

391 F.3d 1212, 1221 (Fed. Cir. 2004); see also Collier v. United States, 379 F.3d 1330, 1332 (Fed. Cir. 2004) ("As an appointed employee, Mr. Collier did not have an employment contract with the government, and did not acquire such a contract through his job description or performance plan."); Kania v. United States, 650 F.2d 264, 268 (Fed. Cir. 1981) ("[I]t has long been held that the rights of civilian and military public employees against the government do not turn on contract doctrines but are matters of legal status even where compacts are made."). To the extent, therefore, that Mr. McManus's breach of contract claim is intended to vindicate his rights in the workplace, dismissal for lack of subject-matter jurisdiction is appropriate. See Doe, 513 F.3d at 1355.

## CONCLUSION

For the foregoing reasons, this Court lacks subject-matter jurisdiction over the claims set forth in Mr. McManus's complaint. The complaint is therefore **DISMISSED without prejudice** in accordance with RCFC 12(h)(3). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge